**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **MERLIN PRICE, Individually and For Others Similarly Situated,**<br>　　　　　　　　　**Plaintiff,**<br><br>**v.**<br><br>**TRINITY OPERATING (USG), LLC,**<br>　　　　　　　　　**Defendant.** | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COMPLAINT

### SUMMARY

1.  Plaintiff Merlin Price (Price) brings this lawsuit to recover unpaid overtime wages and other damages from Trinity Operating (USG), LLC (Trinity) under the Fair Labor Standards Act (FLSA).

2.  Price worked for Trinity as a Safety Consultant.

3.  Price and the Day Rate Workers (as defined below) regularly worked for Trinity in excess of forty (40) hours each week.

4.  But Trinity did not pay them overtime.

5.  Instead of paying overtime as required by the FLSA, Trinity improperly paid Price and the Day Rate Workers a daily rate with no overtime compensation.

6.  This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this action occurred in this District.

9. Trinity is headquartered in Harris County, Texas.

10. Price worked for Trinity throughout the Arkoma Basin in eastern Oklahoma and the Haynesville Shale in western Louisiana.

## THE PARTIES

11. Price worked for Trinity from approximately August 2019 until September 2020 as a Safety Consultant.

12. Throughout his employment, Trinity paid Price a flat daily rate for each day worked regardless of the total hours worked in a workweek ("day rate pay plan").

13. Price's consent to be a party plaintiff is attached as **Exhibit A**.

14. Price brings this action on behalf of himself and all other similarly situated workers who were paid by Trinity's day-rate system. Trinity paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

15. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All oilfield workers who worked for or on behalf of Trinity Operating and who were paid according to its day rate pay plan in the past three (3) years (the "Day Rate Workers").**

16. The identities of the Day Rate Workers can be readily ascertained from Trinity's records.

17. Trinity Operating (USG), LLC is a Delaware Limited Liability Corporation headquartered in Houston, Texas and may be served with process by serving its registered agent: Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, TX 78701.

## COVERAGE UNDER THE FLSA

18. At all times hereinafter mentioned, Trinity was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times hereinafter mentioned, Trinity was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all relevant times, Trinity has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

21. At all relevant times, Trinity has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

22. In each of the past 3 years, Trinity's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

23. At all relevant times, Price and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

24. Trinity uniformly applied its policy of paying its Inspectors, including Price, a day rate with no overtime compensation.

25. Trinity applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

26. By paying its oilfield workers a day rate with no overtime compensation, Trinity violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

27. As a result of this policy, Trinity and the Day Rate Workers do not receive overtime as required by the FLSA.

28. Trinity's uniform compensation scheme of paying its Inspectors a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## THE FACTS

29. Trinity is an independent oil and natural gas company engaged in the acquisition, exploration, development, and production of hydrocarbons from multiple basins throughout the United States.

30. To complete its business objectives, it hires personnel (like Price) to perform work on the well site.

31. Many of these individuals worked for Trinity on a day rate basis (without overtime pay).

32. These workers make up the proposed collective of Day Rate Workers.

33. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

34. Throughout his employment with Trinity, Trinity paid him on a day rate basis.

35. Price and the Day Rate Workers work for Trinity under its day rate pay scheme.

36. Price and the Day Rate Workers do not receive a salary.

37. If Price and the Day Rate Workers did not work, they did not get paid.

38. Price and the Day Rate Workers receive a day rate.

39. Price and the Day Rate Workers do not receive overtime pay.

40. This is despite the fact Price and the Day Rate Workers often worked 12 or more hours a day, for 7 days a week, for weeks at a time.

41. For example, Price received a day rate for each day he worked for Trinity.

42. Although he typically worked 7 days a week, for 12 or more hours a day, he did not receive any overtime pay.

43. Price and the Day Rate Workers received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

44. Price and the Day Rate Workers are not employed on a salary basis.

45. Price and the Day Rate Workers do not, and never have, received guaranteed weekly compensation from Trinity irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

46. Price and the Day Rate Workers work in accordance with the schedule set by Trinity and/or its clients.

47. Price's work schedule is typical of the Day Rate Workers.

48. Trinity controls Price and the Day Rate Workers' pay.

49. Likewise, Trinity and/or its clients control Price and the Day Rate Workers' work.

50. Trinity requires Price and the Day Rate Workers to follow Trinity and/or its clients' policies and procedures.

51. Price and the Day Rate Workers' work must adhere to the quality standards put in place by Trinity and/or its clients.

52. Price and the Day Rate Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

53. As a Safety Consultant, Price was responsible for ensuring Trinity's and/or its clients' projects were completed according to established guidelines, specifications, and restrictions.

54. All Trinity's Day Rate Workers perform similar duties, including inspecting projects, ensuring work is done according to established guidelines, specifications, and restrictions.

55. At all relevant times, Trinity and/or its clients maintained control over Price and the Day Rate Workers via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

56. Price and the Day Rate Workers do not have the power to hire or fire any employees.

57. Price's working relationship with Trinity is similar to Trinity's relationship with its other Day Rate Workers.

58. Trinity knew Price and the Day Rate Workers worked more than 40 hours in a week.

59. Trinity knew, or showed reckless disregard for, whether the Day Rate Workers were entitled to overtime under the FLSA.

60. Nonetheless, Trinity failed to pay Price and the Day Rate Workers overtime.

61. Trinity willfully violated the FLSA.

## CAUSES OF ACTION
## FLSA VIOLATIONS

62. By failing to pay Price and those similarly situated to him overtime at one-and-one-half times their regular rates, Trinity violated the FLSA's overtime provisions.

63. Trinity owes Price and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

64. Because Trinity knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Trinity owes these wages for at least the past three years.

65. Trinity is liable to Price and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

66. Price and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**COLLECTIVE ACTION ALLEGATIONS**

67. Price incorporates all previous paragraphs and alleges that the illegal pay practices Trinity imposed on Price were likewise imposed on the Putative Class Members.

68. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

69. Numerous other individuals who worked with Price indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

70. Based on his experiences and tenure with Trinity, Price is aware that Trinity's illegal practices were imposed on the Day Rate Workers.

71. The Day Rate Workers were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

72. Trinity's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Workers.

73. Price's experiences are therefore typical of the experiences of the Day Rate Workers.

74. The specific job titles or precise job locations of the Day Rate Workers do not prevent class or collective treatment.

75. Price has no interests contrary to, or in conflict with, the Day Rate Workers. Like each Day Rate Worker, Price has an interest in obtaining the unpaid overtime wages owed to him under federal law.

76. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

77. Absent this action, many Day Rate Workers likely will not obtain redress of their injuries and Trinity will reap the unjust benefits of violating the FLSA and applicable state labor laws.

78. Furthermore, even if some of the Day Rate Workers could afford individual litigation against Trinity, it would be unduly burdensome to the judicial system.

79. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

80. The questions of law and fact common to the Day Rate Workers predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether the Day Rate Workers' rights were violated as a result of Trinity's day rate pay plan;

   b. Whether Trinity's day rate pay plan was made in good faith;

   c. Whether Trinity's decision to not pay time and a half for overtime to the Day Rate Workers was made in good faith;

   d. Whether Trinity's violation of the FLSA was willful; and

   e. Whether Trinity's illegal pay practices were applied uniformly across the nation to all Day Rate Workers.

81. Price's claims are typical of the claims of the Day Rate Workers. Price and the Day Rate Workers sustained damages arising out of Trinity's illegal and uniform employment policy.

82. Price knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

83. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

## JURY DEMAND

84. Price demands a trial by jury

## PRAYER

85. WHEREFORE, Price prays for judgment against Trinity as follows:

    a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    b. For an Order pursuant to Section 16(b) of the FLSA finding Trinity liable for unpaid back wages due to Price and the Day Rate Workers for liquidated damages equal in amount to their unpaid compensation;

    c. For an Order awarding Price and the Day Rate Workers their reasonable attorneys' fees and expenses as provided by the FLSA;

    d. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **Carl A. Fitz**
    Texas Bar No. 24105863
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    cfitz@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**